# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

PAUL SMITH,

                                  Plaintiff,

   v.

                                                 9:11-CV-542

NURSE BAKER,                                 (MAD/ATB)

NURSE WATERSON,

                                  Defendants.

PAUL SMITH, Plaintiff, *pro se*
CHARLES J. QUACKENBUSH, AAG, for the Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT and RECOMMENDATION

This matter was referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Mae A. D'Agostino, United States District Judge.

In his amended[1] civil rights complaint, plaintiff alleges that defendants have violated his right to constitutionally adequate medical care. Amended Complaint ("AC") ¶ II(D) (Dkt. No. 12). Plaintiff seeks injunctive and monetary relief. (AC ¶ V). Presently before the court is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 26-1). Although plaintiff sent two strongly worded letters to the court *prior* to the filing of defendants motion, he has not responded to the motion. (*See* Dkt. Nos. 24, 25). Even though plaintiff has also sent

---

[1] Plaintiff filed the amended complaint as of right pursuant to Fed. R. Civ. P. 15(a). Plaintiff named four defendants. However, District Judge Mae D'Agostino reviewed the amended complaint and dismissed all defendants except Nurses Baker and Waterson. (Dkt. No. 14).

an equally strongly worded "letter"[2] to defense counsel, plaintiff still has failed to respond to the motion. (Dkt. No. 29-1, Attachment to Defense Status Letter, dated June 15, 2012).

Plaintiff's documents are extremely difficult to read. The letter that plaintiff sent to the court, which in the caption was addressed to both "Hon. David Homer"[3] and "Magistrate Judge Andrew T. Baxter," was filed prior to defendants' motion for judgment on the pleadings. (Dkt. No. 25). The last line of the letter implies that plaintiff is "closing" the case so that he can re-file after obtaining counsel. (*Id.*) Notwithstanding plaintiff's apparent attempt to withdraw this action, the court will consider the merits of defendants' motion for judgment on the pleadings.

## DISCUSSION

I. **Judgment on the Pleadings**

   A. **Legal Standard**

After the pleadings are closed, a motion to dismiss for failure to state a claim is properly brought as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P.

---

[2] This piece of paper can only be liberally interpreted as a "letter." It is not addressed to anyone in particular, uses vulgar language, and is not even signed. (Dkt. No. 29-1). However, it is clearly meant for defense counsel.

[3] The court notes that plaintiff has another pending case in the Northern District of New York that was originally assigned to Magistrate Judge David Homer, but was reassigned to Magistrate Judge Christian Hummel after Judge Homer's retirement. *Smith v. Rock*, No. 9:11-CV-282 (NAM/CFH). Although both my name and Judge Homer's name are in the caption of this letter, the first line of the letter states that "[t]oday I'm writing to you! Mr. Judge Baxter to state this District of Northern is really foul." (Dkt. No. 25). Thus, I assume that this letter was meant for me. The court also notes that currently pending in *Smith v. Rock* is a motion to dismiss as a sanction against plaintiff based upon his failure to finish answering questions at his deposition. (Dkt. No. 64 in 9:11-CV-282).

2

12(c). *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir. 1983) (citations omitted). *See* Fed. R. Civ. P. 12(b), 12(c) and 12(h)(2). The motion for judgment on the pleadings is then treated according to the same standard as a motion under Rule 12(b)(6). *Id.*

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents

3

incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment).

### B. Application

In this case, defendants have attached the affidavit of Jeffery Hale, the Assistant Director of the Inmate Grievance Program. (Dkt. No. 26-2). Defendants have also included plaintiff's past grievance documents in an effort to show that he has not exhausted his administrative remedies with respect to his current claims. (Dkt. Nos. 26-3 – 26-6). Defendants argue that the grievance documents are incorporated into the complaint because plaintiff alleges that he exhausted his administrative remedies. This court does not agree. Nowhere in the complaint is reference made to any of the documents that defendants attach to their motion, and plaintiff's statement that he exhausted his remedies does not incorporate all of his past grievances into the complaint. Additionally, plaintiff does not refer to an affidavit written by Mr. Hale. Thus, the court will not consider the defendants' attachments to their motion.

The court will rely only on the face of the complaint, because the court may determine that plaintiff has failed to exhaust his remedies based on the face of the complaint. Even if plaintiff had exhausted his administrative remedies, the court would still recommend dismissal on the merits of plaintiff's allegations.

## II. Exhaustion of Administrative Remedies

### 1. Legal Standards

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. This requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675–76 (2d Cir. 2004) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (exhaustion requirement applies, *inter alia*, to excessive force claims)). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *See, e.g, Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones v. Bock*, 549 U.S. at 218–19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a

5

prerequisite to bringing suit in federal court. 548 U.S. at 90–103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee (IGRC). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee (CORC). *Id*. § 701.5(d). The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance." *Id.* § 701.3(a) (Inmate's Responsibility).

At the same time that the Second Circuit decided *Giano*, it also decided four other related cases, clarifying the law in the Second Circuit regarding the PLRA's exhaustion requirement, and specifying various instances in which the requirement could be waived or excused.[4] Based on these cases, the Second Circuit developed a "three part inquiry" to determine whether an inmate has fulfilled the PLRA exhaustion requirement. *See Brownell v. Krom*, 446 F.3d 305, 311–12 (2d Cir. 2006) (citing

---

[4] *See Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004) (remanding case to determine if defendant's alleged threats constituted "special circumstances" justifying plaintiff's failure to exhaust); *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004) (whether failure to exhaust may be justified because plaintiff obtained favorable rulings on his grievances, but the relief that he was supposed to obtain was never forthcoming); *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004) (whether including claims in a disciplinary appeal may suffice for the exhaustion requirement); *Ortiz v. McBride*, 380 F.3d 649 (2d Cir. 2004) (complete dismissal is not required when plaintiff brings both exhausted and unexhausted civil rights claims).

*Hemphill*, 380 F.3d at 686). The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement. *Id.*

Although the Second Circuit has not explicitly held that *Hemphill* remains good law after *Woodford*, it has applied the three-part inquiry in recent cases. *See, e.g.*, *Macias v. Zenk*, 495 F.3d 37 (2d Cir. 2007); *Davis v. State of New York*, 311 F. App'x 397, 399 (2d Cir. 2009); *Snyder v. Whittier*, 428 F. App'x 89, 91 (2d Cir. 2011).[5] As discussed below, this court finds that plaintiff has not shown that the exhaustion requirement should be excused, and thus, plaintiff's case should be dismissed.

### 2. Application

The remaining defendants in this action are Nurses Baker and Waterson. In the amended complaint, plaintiff alleges that the events giving rise to this action occurred the morning of August 22, 2011.[6] (AC ¶ II(C)). The original complaint was signed on

---

[5] This court also notes that, based upon the concurring opinion in *Woodford*, it appears that the Second Circuit decisions have *not* been overruled in that respect. In his concurring opinion in *Woodford*, Justice Breyer specifically noted that two circuits, the *Second* Circuit and the Third Circuit that have interpreted the PLRA "in a manner similar to that which the [Supreme] Court today adopts [in *Woodford*] have concluded that the PLRA's proper exhaustion requirement is not absolute." *Woodford*, 548 U.S. at 104 (citing *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004); *Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004)) (Breyer, J. concurring). Justice Breyer then stated that on remand, the lower court should "similarly" consider any claims that the inmate might have concerning whether his case "falls into a *traditional exception that the statute implicitly incorporates*." *Id.* (emphasis added). This statement implies that there are still exceptions that a court may consider.

[6] It is actually unclear what occurred on any date because plaintiff states in the "Facts" portion of the amended complaint that defendants Baker and Waterson attempted "several times" to "set me

7

May 6, 2011. (Dkt. No. 1 at p.7). Clearly, the incidents involved in the amended complaint had not happened at the time of the original complaint. The amended complaint was signed and notarized on August 26, 2011. (AC at p.6). The amended complaint was filed on September 1, 2011. (Dkt. No. 12). If, as plaintiff states in the amended complaint, the conduct giving rise to the complaint against these two nurses occurred on August 22, 2011, there is no way that plaintiff could have exhausted his administrative remedies with respect to conduct that occurred only four days prior to writing the amended complaint. Exhaustion must occur *prior to* filing the action. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001).

Because of plaintiff's premature filing of the action, and the timing of the alleged conduct, this court need not consider whether there are any exceptions to the exhaustion requirement. Thus, any claims that plaintiff raises that occurred on August 22, 2011 are not exhausted and may be dismissed on that basis.

### III. Medical Care

#### 1. Legal Standards

In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). The

---

up! and multiple attempts to poison me." (AC ¶ II(D)). The court must assume that "multiple attempts" did not occur on the same day. However, the amended complaint contains no further information as to when the defendants' conduct may have occurred.

first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing inter alia *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

A plaintiff's disagreement with prescribed treatment does not rise to the level of a constitutional claim. *Sonds v. St. Barnabas Hosp. Correctional Health Services*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001). Prison officials have broad discretion in determining the nature and character of medical treatment afforded to inmates. *Id.* (citations omitted). An inmate does not have the right to treatment of his choice. *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Because plaintiff might have preferred an alternative treatment or believes that he did not get the medical attention he desired does not rise to the level of a constitutional violation. *Id.*

Disagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment. *Sonds*, 151 F. Supp. 2d at 312 (citing *Estelle v. Gamble*, 429 U.S. at 107). Even if those medical judgments amount to negligence or malpractice, malpractice does not become a constitutional violation simply because the plaintiff is an inmate. *Id. See also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (negligence not actionable under § 1983). Thus, any claims of malpractice, or disagreement with treatment are not actionable under § 1983.

### 2. Application

Read very liberally, the amended complaint alleges that defendants Baker and

Waterson attempted to "poison" plaintiff several times, and that they were acting "in retaliation for the Physician Assistant." (AC ¶ II(D)). Plaintiff states that he and Dr. Adams agreed that plaintiff would be able to "get of the med cart as needed." (*Id.*) Plaintiff states that defendants Baker and Waterson were trying to "force [a] prescription on [him] without an exam." (*Id.*) Plaintiff then claims that defendant Waterson is crazy and is giving orders "like he is the top guy." (*Id.*)

In the section of the form complaint for "Injuries," plaintiff refers to his other pending action, *Smith v. Rock*, No. 9:11-CV-282 (NAM/CFH) and states that he has injuries to his back, "lower spine," shoulders, and rib from the "attacks and assaults" by officers. It appears that he is not referring to any conduct that is the basis for this action, although he states that "they" wish to attack him again, and that he is afraid to get an x-ray for his ribs because defendant Waterson is "setting him up." (AC ¶ III). There are no injuries relating to plaintiff's claim that defendants are trying to "poison" him.

Even giving this amended complaint the most liberal reading, this court cannot find that plaintiff has stated a claim against these two defendants. Plaintiff's reference to "poison" appears to relate to the fact that he disagrees about the medication that he is taking and argues that the defendant nurses are acting contrary to plaintiff's agreement with Dr. Adams about what medication plaintiff should take. Plaintiff additionally states that defendants are trying to get him to take a medication without an examination. Plaintiff's disagreement with treatment cannot be the basis for a civil rights action.

10

## IV. <u>Verbal Harassment/ Conclusory Allegations</u>

### 1. Legal Standards

Verbal harassment and threats, without accompanying injury, no matter how unprofessional and offensive, do not rise to the level of a constitutional violation. *Morrison v. Hartmann*, 2012 WL 4801029, at *6 (W.D.N.Y. Oct. 9, 2012) (citations omitted); *Gill v. Hoadley*, 261 F. Supp. 2d 113, 129 (N.D.N.Y. 2003) (citations omitted); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998); *see also Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (a guard calling a plaintiff names did not establish any "appreciable injury" and dismissal of the claim was proper).

Conclusory allegations are insufficient to state a claim for relief under section 1983. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). In order to state a claim, the complaint must contain some specific allegations of fact indicating a deprivation of rights, instead of "'a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (quoting *Barr, supra*).

### 2. Application

In this case, plaintiff states that since his arrival at Upstate, the defendants have been "attempting several threats to set me up!" (AC ¶ II(D)). It does not appear that plaintiff is claiming that either defendant in this case actually "set him up." He then states he was attacked by several officers and refers to his pending action *Smith v. Rock*. (*Id.*) Plaintiff's claims in this action are completely conclusory. He claims that something occurred on August 22, 2011, but does not state what occurred or how these defendants were responsible for anything that occurred on that date.

11

He makes a conclusory allegation that the he was assaulted by officers (not defendants in this case), and that the assault was in retaliation for the Physicians Assistant, (who plaintiff named in his original complaint in this action, but left out of this amended complaint). However, in order to state a claim for retaliation for the exercise of a constitutional right, a plaintiff must show first, that he engaged in constitutionally protected conduct, and second, that the conduct was a substantial motivating factor for "adverse action" taken against him by defendants. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). The plaintiff must establish a causal connection between the protected conduct or speech and the adverse action. *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

While being assaulted is certainly an adverse action, and would be a constitutional violation in itself,[7] plaintiff in this case has not shown how this "adverse action" was connected either to the assertion of a constitutional right or was connected in any way to these defendants. Plaintiff does not allege how these two may have "set him up." Any alleged threats to set plaintiff up or threats of any kind, without an injury, are not actionable under section 1983. Thus, this case may be dismissed based upon defendants' motion in addition to plaintiff's apparent attempt to withdraw the action.

---

[7] Plaintiff is suing about an assault in *Smith v. Rock*, and he refers to *Rock* in the injury section of this action. Plaintiff states that "they" wish to attack me again, and it appears that he believes that somehow defendant Waterson is "orchestrating" the "set up," but there is no allegation that these defendants were involved in any assaults alleged by plaintiff that have already occurred. Plaintiff may resolve any assault issues in *Rock*, to the extent that the case survives after the defendants' motion fo sanctions is decided.

12

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for judgment on the pleadings (Dkt. No. 26) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY AS TO ALL DEFENDANTS**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 13, 2012

Hon. Andrew T. Baxter
U.S. Magistrate Judge