**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**PAUL SMITH,**

                            **Plaintiff,**

           **-v.-**                                 **9:11-CV-0542
(MAD/ATB)**

**BAKER, Nurse, Upstate Correctional Facility and
GEORGE WATERSON, Nurse, Upstate Correctional
Facility,**

                            **Defendants.**

---

**APPEARANCES:**                      **OF COUNSEL:**

**PAUL SMITH
00-A-2268**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **CHARLES J. QUACKENBUSH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

## DECISION AND ORDER

On May 11, 2011, Plaintiff commenced this civil rights action alleging that Defendants violated his Eighth Amendment right to constitutionally adequate medical care. *See* Dkt. No. 1. On September 1, 2011, Plaintiff amended his complaint. *See* Dkt. No. 12. Liberally construed, Plaintiff alleges that Defendants Baker and Waterson attempted to "poison" him several times and that they were acting "in retaliation for the Physician Assistant." *See id.* at ¶ II(D). Plaintiff then claims that he and Dr. Adams agreed that Plaintiff would be able "to get off the med cart as needed." *See id.* Thereafter, Plaintiff states that "[t]hese two homosexual nurses" – presumably referring to Defendants Baker and Waterson – attempted to "force a prescription on [him] without

an exam." *See id.* Plaintiff contends that Defendant Waterson is "crazy" and gives orders "like he is the top guy." *See id.*

In the section of his amended complaint entitled "Injuries," Plaintiff refers to another action pending in this district, *Smith v. Rock*, No. 9:11-CV-282 (NAM/CFH), and states that, as a result of being assaulted and attacked by unnamed "officers," he has suffered injuries to his back, lower spine, shoulders and has a "rib bone sticking out[.]" *See id.* at ¶ III. Although it appears that Plaintiff is not referring to any conduct that is the basis for this action, he does, however, state that "they" wish to attack him again, and that he is afraid to get an x-ray for his ribs because Defendant Waterson is "setting him up." *See id.*

On May 21, 2012, Defendants filed a motion for judgment on the pleadings. *See* Dkt. No. 26. In a November 13, 2012 Report and Recommendation, Magistrate Judge Baxter recommended that the Court grant Defendants' motion in its entirety and dismiss the amended complaint. *See* Dkt. No. 31. Specifically, Magistrate Judge Baxter recommended that the Court dismiss Plaintiff's deliberate indifference claim because "Plaintiff's reference to 'poison' appears to relate to the fact that he disagrees about the medication that he is taking and argues that the [D]efendant nurses are acting contrary to [P]laintiff's agreement with Dr. Adams about what medication [P]laintiff should take." *See id.* at 10. As such, Magistrate Judge Baxter held that mere disagreement with the prescribed treatment is insufficient to allege a plausible Eighth Amendment deliberate indifference to serious medical needs claim. *See id.* Finally, Magistrate Judge Baxter recommended that the Court grant the motion as to any claims of verbal harassment and threats because Plaintiff's claims are entirely conclusory and fail to contain any specific allegations of fact indicating a deprivation of rights. *See id.* at 11.

Currently before the Court is Magistrate Judge Baxter's Report and Recommendation, to which neither party has objected.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of

4

entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having carefully reviewed Magistrate Judge Baxter's Report and Recommendation, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Baxter correctly recommended that the Court should grant Defendants' motion for judgment on the pleadings. Plaintiff's complaint contains nothing but conclusory allegations, which often relate to conduct and individuals not associated with this action, and fails to allege any plausible causes of action against Defendants.

**WHEREFORE**, the Court hereby

**ORDERS** that Magistrate Judge Baxter's Report and Recommendation (Dkt. No. 31) is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings (Dkt. No. 26) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 28, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge